UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS E. KOTEWA,

        **Plaintiff,**                              CIVIL ACTION NO. 03-CV-74087-DT

    vs.

                                         DISTRICT JUDGE DENISE PAGE HOOD

STEVE MARSHALL, et. al.,          MAGISTRATE JUDGE MONA K. MAJZOUB

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Defendants' Motion for Summary Judgment be **GRANTED** as to all remaining Defendants and claims.

***

      Represented by counsel, Plaintiff filed the instant complaint on October 3, 2003, pursuant to 42 U.S.C. §§ 1983, 1985, 1988 alleging various violations of his constitutional rights. On August 18, 2004, the undersigned issued a Report and Recommendation recommending that summary judgment be granted to Defendants Marshall, Marschke, Kapture, and Straub. The undersigned also recommended that Plaintiff's conspiracy claims brought under § 1985 be dismissed as to all named Defendants. In an Order dated September 29, 2004, Judge Hood accepted the undersigned's Report and Recommendation but allowed Plaintiff to proceed on his § 1985 conspiracy claim against Defendant Zimmerman. The remaining Defendants to this action are JCF Grievance Coordinator Brenda Schmeltz,, JCF Assistant Resident Unit Manager Shawn Lockhart, United Manager Jesse Rowe, Sergeant Jimmy Hose, and Captain Zimmerman. On April 4, 2005, Defendants filed a Motion for Summary Judgment to which Plaintiff, represented by counsel, filed a timely Response. The case has been referred to the undersigned for all pretrial proceedings. The alleged facts giving rise to the instant

complaint are as follows.

Plaintiff was incarcerated at the Kinross Correctional Facility (KCF) in Kincheloe, Michigan from May 2, 2001 until November 29, 2001 at which time Plaintiff was released on parole. On December 12, 2001, Marshall received a phone call from Defendant Zimmerman who informed Marshall that "[Plaintiff] may be in trouble after not delivering the goods as scheduled. [Zimmerman] doesn't know whether its [sic] true or not just wanted to pass along info." (Defendant's Exhibit 1, Casenotes of Marshall). Later that day, Plaintiff spoke with Marshall during which Marshall informed Plaintiff that some inmates had placed a "contract hit" on Plaintiff's life (Plaintiff's Complaint, ¶18, page 4). Plaintiff was re-incarcerated on July 5, 2002.

On July 10, 2002, Plaintiff alleges that he wrote to Marshall "and requested that he contact the proper officials to make certain that the names of threatening inmates be placed in Plaintiff's files so that they would not come in contact with Plaintiff and carry out a 'hit' on Plaintiff's life." (Plaintiff's Complaint, pg. 4, ¶ 20). Plaintiff alleges that he received no response from Marshall. *Id.* On August 8, 2002, Plaintiff alleges that he wrote a similar letter to Warden Kapture at KCF. *Id.* ¶ 22. Plaintiff alleges that he received no response from Kapture. *Id.* On September 9, 2002, Plaintiff filed a grievance in which he complained that:

> a contract was placed on [Plaintiff's] life . . . [and] No one has taken any action to place SPONS in my file. I have the name's [sic] of the inmates who placed the contract[.] None of those inmates are here [b]ut it is my belief that SPONS should have been placed in my files to prevent them from coming here to carry out their hit.

(Defendants' Exhibit 5 attached to Motion for Summary Judgment). Plaintiff alleges that both Defendants Rowe and Lockhart discussed with Plaintiff the nature of his grievance (Plaintiff's Complaint, pg. 5, ¶ 24). Defendant Schmeltz responded to Plaintiff's grievance as follows:

> In speaking with [Defendant] Rowe, he informs me that he has no knowledge of [a hit on Plaintiff's life]. It appears that at this point, JCF

> has no information regarding this issue, nor any authority to take any action without any knowledge. It is suggested that you write to the Kinross Facility Warden in regards [sic] to this matter. This is the appropriate facility to inquire to. Should your claim prove to have merit, an investigation will be started. If you do not receive a response to your inquiry, you can then send a grievance to that facility. No further action will be taken at this time.

(Defendants' Exhibit 5).

On December 24, 2002, Defendant Hose allegedly "approached and informed Plaintiff that the word on the yard was that an inmate was going to hit Plaintiff; and Defendant Hose did nothing further." (Plaintiff's Complaint, pg. 6, ¶ 28). Later that day, Plaintiff was attacked by an unknown assailant and taken to the Duane Waters Hospital for treatment. Plaintiff now claims that Defendants Lockhart, Rowe, Schmeltz, Hose, and Zimmerman failed to protect him against this attack which failure constitutes a violation of the Eighth Amendment. Defendants move for summary judgment and claim that Plaintiff has failed to present any evidence that they were aware of a substantial risk of serious harm to Plaintiff.

**STANDARD OF REVIEW**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury

could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. *Ashbook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

## **DISCUSSION AND ANALYSIS**

Generally, prison officials are subject to liability under the Eighth Amendment for an inmate's injury by another prisoner only if a substantial risk of serious harm to Plaintiff existed, and that Defendants were aware of that risk and then failed to act. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Prison officials can be held liable for an Eighth Amendment violation when an inmate shows: (1)"that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that the prison official had "the state of mind ... of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 838 (citations omitted). A plaintiff must establish that the defendant had "actual knowledge" of a "specific" threat of harm to the plaintiff. *Marsh v. Arn*, 937 F.2d 1056 (6th Cir. 1991). Furthermore, "a subjective approach' must be used to determine whether the defendants had 'the state of mind. . . of deliberate indifference to inmate health or safety.'" *Street v. Corrections Corp. Of America*, 102 F.3d 810, 815 (6th Cir. 1996)(quoting *Farmer v. Brennan*, 511 U.S. at 837).

Having reviewed all of the evidence in a light most favorable to Plaintiff, the Court is convinced that Plaintiff has failed to establish that any Defendant had 'actual knowledge ' of a 'specific threat of harm to the plaintiff'. *Marsh*, 937 F.2d at 1056. Defendant Zimmerman called Plaintiff's parole agent, Marhsall, and informed Marshall that Plaintiff "may be in trouble after not delivering the goods as

scheduled, [but] doesn't know whether its [sic] true or not just wanted to pass along info." (Defendants' Exhibit 1, Casenotes of Marshall). Marshall's casenote establishes that Zimmerman knew only of a general and non-specific threat of questionable validity. Plaintiff has presented no other evidence upon which this Court could conclude that Zimmerman disregarded a substantial risk of serious harm to Plaintiff. Zimmerman's Motion for Summary Judgment should be granted.

Plaintiff's claims against Defendants Schmeltz, Rowe, and Lockhart should also fail. In a grievance, Plaintiff alleged that he had the names of the inmates who placed a 'hit' on his life. In the same grievance, however, Plaintiff indicated that "[n]one of those inmates [who placed the hit] are here [b]ut it is my belief that SPONS should have been placed in my files to prevent them from coming here to carry out their hit." (Defendants' Exhibit 5). Plaintiff alleges that Defendants Rowe and Lockhart discussed with him the concern raised in his grievance. Defendants Rowe and Lockhart dispute ever having spoken with Plaintiff about his grievance. On September 18, 2002, Defendant Schmeltz responded to Plaintiff's grievance and indicated that upon further investigation, "JCF has no information regarding this issue, nor any authority to take any action without any knowledge." (Defendants' Exhibit 5). Defendant Schmeltz also directed Plaintiff raise his concern with the Warden of KCF after which he could "send a grievance to that facility." There is no evidence that Plaintiff contacted the Warden of KCF or filed a grievance regarding the matter after September 18, 2002.

Even accepting as true Plaintiff's version of the fact, he fails to demonstrate that Defendants Rowe, Lockhart, or Schmeltz had actual knowledge of a specific threat on Plaintiff's life. At most, Plaintiff expressed a general and non-specific fear which expression falls short of demonstrating a violation of the Eighth Amendment. Plaintiff has failed to show that Defendants Rowe, Lockhart, and Schmeltz had "actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from [Defendants] failure to prevent it." *Lewis v. Richards*,

...
...

107 F.3d 549 (7th Cir. 1997)(quoting *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991)); *see also Pavlick v. Mifflin*, 90 F.3d 205, 207-08 (7th Cir. 1996)("official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference")(quoting *Farmer*, 511 U.S. at 837). Furthermore, Plaintiff acknowledged in his grievance that the potential threat to his safety stemmed from inmates housed in another facility. Additionally, the assault upon Plaintiff occurred three months after he filed his grievance. These facts further underscore the Court's conclusion that Defendants lacked knowledge of an impending threat to Plaintiff's safety. Without actual knowledge of a specific threat of harm, Defendants were not deliberately indifferent to Plaintiff's safety. *Lewis*, 107 F.3d at 553 (citing *Goka v. Bobbitt*, 862 F.2d 646, 647-48 (7th Cir. 1988). Therefore, the Court recommends that Defendants Rowe's, Lockhart's, and Schmeltz's Motion for Summary Judgment be granted.

Finally, the Court considers Defendant Hose's Motion for Summary Judgment. In his Complaint, Plaintiff alleges that on December 24, 2004, Hose "approached and informed Plaintiff that the word on the yard was that an inmate was going to hit Plaintiff; and Defendant Hose did nothing further." (Plaintiff's Complaint, pg. 6, ¶ 28). Plaintiff was attacked later that day. In support of his Motion for Summary Judgment, Hose testified that:

> 3. I received information from a confidential informant that Plaintiff owed a substantial amount of money to another prisoner for heroin and that Plaintiff could be in danger.
>
> 4. That I contacted Plaintiff in his housing unit and confronted him, telling him what I had heard.
>
> 5. That I asked Plaintiff to pull up his shirt sleeves to look for evidence of drug use and found none.
>
> 6. That I asked Plaintiff if he wanted protection and he declined.
>
> 7. That I had no further contact with Plaintiff with regard to this issue.

(Defendants' Exhibit 4, Affidavit of Defendant Hose). Essentially, there is no dispute that Hose was aware of a general threat and that he contacted Plaintiff to inform him of the same. The parties dispute whether Hose offered Plaintiff protection for the alleged threat. The resolution of this question of fact may be precluded, however, if Plaintiff fails to establish that Hose had "actual knowledge" of a "specific" threat of harm to the plaintiff. *Marsh v. Arn*, 937 F.2d 1056 (6th Cir. 1991).

Having carefully examined the evidence, the Court is convinced that Defendant Hose did not have any knowledge of a specific threat of harm to Plaintiff. Instead, Plaintiff's alleges that Hose "informed [him] that the *word on the yard* was that an inmate was going to hit Plaintiff" (Plaintiff's Complaint, pg. 6, ¶ 28)(emphasis added). Accepting Plaintiff's assertion as true establishes only that Hose heard rumors relating to a potential assault on Plaintiff. "At least one court has noted that the fact that rumors are circulating in a large office might not be sufficient to demonstrate that an individual official has knowledge of a risk." *Pavlick v. Mifflin*, 90 F.3d 205, 209-10 (7th Cir. 1996)(citing *Williams v. Borough of West Chester, Pennsylvania*, 891 F.2d 458, 466 (3d Cir. 1989). In this case, there is no evidence that Hose knew the identity of the culprit or the time and place of a possible assault  Even after an opportunity to conduct discovery, Plaintiff has failed to present any evidence sufficient to withstand Hose's Motion for Summary Judgment. Based on these facts, Plaintiff has failed to establish that Defendant Hose knew of a specific threat of harm against him sufficient to impose liability under the Eighth Amendment.

Furthermore, to the extent that Hose should have taken further actions in response to such generalized rumors, such claims would be based on negligence and not deliberate indifference. The law is well settled that mere negligence does not amount to a constitutional violation actionable under § 1983. *Davidson v. Cannon*, 474 U.S. 344 (1986)(rejecting prisoner's claim that prison officials negligently failed to protect him from an inmate assault); *Daniels v. Williams*, 474 U.S. 327 (1985)("While the Due

Process Clause speaks to some facets of the relationship between jailers and inmates, its protections are not triggered by lack of due care by the jailers."). Thus, to the extent that Plaintiff suggests that Hose negligently failed to protect him from harm, Plaintiff's claim must fail. Accordingly, the Court recommends that Defendant Hose's Motion for Summary Judgment be granted.

## ALLEGATIONS OF CONSPIRACY

Next the Court considers Plaintiff's remaining conspiracy claim against Zimmerman brought pursuant to 42 U.S.C. § 1985. In order for a Plaintiff to survive a Motion for Summary Judgment in a § 1985 conspiracy action, he must set forth specific facts showing either the existence or the execution of the claimed conspiracy. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987). Furthermore, these facts must show overt acts related to the promotion of the conspiracy and some link between the alleged conspirators. Plaintiff must present facts that the conspirators agreed to commit an act which deprived him of a right, privilege or immunity secured by the Constitution or the laws of the United States. *Bartell v. Lohiser*, 215 F.3d 550, 559-60 (6th Cir. 2000). It is essential that the conspiratorial conduct in fact resulted in a violation of plaintiff's constitutional rights. *Vaden v. Village of Maywood*, 809 F.2d 361, 366 (7th Cir. 1987). Further, Plaintiff must also allege that the conspiracy was motivated by "[s]ome racial or perhaps otherwise class-based, invidiously, discriminatory animus." *Carpenters and Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 829 (1983)

In the instant Complaint, Plaintiff fails to establish that Defendant Zimmerman committed any such violation of his Constitutional rights. Plaintiff fails to allege that Zimmerman acted in concert with other MDOC officials in failing to prevent the assault. Plaintiff fails to present even conclusory statements alleging such a conspiracy motivated by race or class based discrimination. Accordingly, the undersigned finds this claim to be wholly without merit. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985)(Vague and conclusory allegations of conspiracy without specific facts are insufficient to state a

claim.). Therefore, Defendant Zimmerman's Motions for Summary Judgment as to Plaintiff's conspiracy claim under § 1985 should be granted.

**PLAINTIFF'S REQUESTS FOR ADMISSIONS**

Plaintiff also contends that his Requests for Admissions, if deemed admitted and relied upon, create a genuine issue of material fact such that summary judgment is not appropriate. While it may be true that Defendants responded untimely to Plaintiff's Requests, the Court has already rejected this argument. As previously pointed out in the undersigned's Report and Recommendation dated August 18, 2004, the Court concluded that Plaintiff's Request for Admissions were improper and violated Fed. R. Civ. P. 36. Judge Hood adopted this finding by concluding that "Plaintiff's Requests for Admissions are improper in form and substance because they are directed to more than one party and include multiple assertions of fact, in violation of Fed. R. Civ. P. 36." Therefore, the Court rejects Plaintiff's argument that his Requests for Admission create a genuine issue of material fact.

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant

to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 14, 2005                s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation upon Thomas E. Kotewa and Counsel of Record on this date.

Dated: October 14, 2005                s/ Lisa C. Bartlett
                                       Courtroom Deputy