UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS E. KOTEWA,

    Plaintiff,                          Case No. 03-CV-74087-DT

v.                                        HONORABLE DENISE PAGE HOOD

STEVE MARSHALL, et al.,

    Defendants.

_____/

## OPINION AND ORDER RE: REPORT AND RECOMMENDATION

### I. INTRODUCTION

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation dated October 14, 2005. The Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted as to all remaining Defendants and claims. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on October 20, 2005.

### II. LAW & ANALYSIS

The Court has had the opportunity to review the Report and Recommendation and Plaintiff's Objections. However, before addressing the merits of the Magistrate Judge's Report and Recommendation, the Court addresses the Prison Litigation Reform Act's exhaustion requirement under 42 U.S.C. § 1997e(a).

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Thus, a prisoner must exhaust all available administrative remedies before filing a § 1983 action in federal court.

*Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) (per curiam).  It is well established that exhaustion of administrative remedies is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); *Booth* v *Churner*, 532 U.S. 731, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001).  *See also Thomas v. Woolum*, 337 F.3d 720, 725 (6th Cir. 2003).  Pursuant to the express language of  § 1997(e), federal courts must refrain from reaching the merits of § 1983 actions challenging conditions of confinement, until all available administrative remedies have been exhausted.  *Brown v. Toombs*, 139 F.3d at 1104.  "[A] prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) (quoting *Brown*, 139 F.3d at 1104).  It is the Plaintiff's burden to establish exhaustion of administrative remedies.  *Brown*, 139 F.3d at 1104.  In the present case, Plaintiff has failed to demonstrate exhaustion of administrative remedies.  Therefore, this case should have been dismissed without prejudice, but was not.

     The Michigan Department of Corrections has a three-step grievance procedure.  *Jones-Bey* v *Johnson*, 407 F.3d 801, 803 (6th Cir. 2005).   Plaintiff provided the Court with a Step I Grievance,[1] however there is no documentary proof that Plaintiff appealed this grievance through steps II and III.  Plaintiff testified at his deposition that he appealed through Step III, but mere testimony at his deposition is insufficient to establish exhaustion.  Furthermore, instead of mentioning all of the Defendants, Plaintiff mentions only Steve Marshall and the M.D.O.C. in

---

[1] Grievance Identifier:  JCF02090282028G.

his grievance.[2]  Prisoners are required to file grievances against each individual they intend to sue.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Additionally, Plaintiff stated in his complaint that he filed two other grievances after he was stabbed at the G. Robert Correctional Facility on December 24, 2002.  He alleges both were appealed through Step III.  (Plaintiff's Complaint, Exhibit A). However, Plaintiff failed to attach copies of these grievances or "[d]escribe with specificity the administrative proceeding and its outcome," in his complaint as required by the Sixth Circuit. *Knuckles-El*, 215 F.3d at 642.  The Court has no information as to which individuals Plaintiff grieved against, other than Steve Marshall, or the claims asserted by Plaintiff in these grievances. The Court cannot determine whether Plaintiff has fully exhausted his administrative remedies in regard to the two grievances Plaintiff alleged in his complaint were carried through Step III.

In Defendants' Motion for Summary Judgment, Defendants state that there is no evidence that Plaintiff appealed his grievance 'beyond step I of the grievance process." (**Docket No. 46**). However, Defendants did not argue that the district court is required to dismiss this action for failure to exhaust.  Although Defendants did not specifically raise this argument, the Court is required to dismiss this action.  "A plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim upon which relief may be granted, and his complaint must be dismissed sua sponte." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *Knuckles-El*, 215 F.3d at 642; *Brown*, 139 F.3d 1104.  The district court does not have discretion to waive the exhaustion requirement, it is a mandatory pre-condition to filing suit under the PLRA.  *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). Therefore, the Court will

---

[2] The M.D.O.C. was dismissed by Stipulation and Order dated January 22, 2004 (**Docket No. 19**) and Steve Marshall was dismissed by Order dated September 29, 2004 (**Docket No. 36**)

3

not address the merits and dismisses this action without prejudice.

IT IS ORDERED that Magistrate Judge Majzoub's Report and Recommendation dated October 14, 2005 is MOOT.

IT IS FURTHER ORDERED that Defendant's Zimmerman's, Schmeltz's, Rowe's and Lockhart's Rule 56 (b) Motion for Summary Judgment (**Docket No. 46**) is DENIED without prejudice on the merits.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice for failure to exhaust administrative remedies.

      /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: January 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager