**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS E. KOTEWA,

    Plaintiff,                                      Case No. 03-CV-74087-DT

v.                                                     HONORABLE DENISE PAGE HOOD

STEVE MARSHALL, et al.,

    Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Dismissing this Action filed on January 31, 2006.[1]

In its January 31, 2006 Opinion and Order, this Court denied the Defendants' Motion for Summary Judgment and dismissed without prejudice Plaintiff's Complaint for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act's exhaustion requirement under 42 U.S.C. § 1997e(a).

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also that the correcting defect will result in a different disposition

---

[1] Plaintiff titled this Motion a "Request for Reconsideration of Judgment."

of the case.

L.R. 7.1(g)(3).

This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration. *Summer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003).

Plaintiff's Motion for Reconsideration does not demonstrate a palpable defect by which the court and the parties have been misled that would result in a different disposition of the case. Plaintiff argues that he provided his attorney with copies of his grievances, Steps I, II, and III and that he could "provide copies of all steps of the Grievance procedure."  (Pl.'s Mot. for Reconsideration, ¶¶ 3-4.  As of the date of this Order, Plaintiff has not provided this Court with the copies of his Grievances, Steps I, II, and III, evidencing he fully exhausted his administrative remedies.

Plaintiff raises no other issues in his Motion for Reconsideration.  Plaintiff has raised no issues not previously ruled upon by this Court, either expressly or by reasonable implication.  Nor has Plaintiff shown a palpable defect that if corrected would result in a different disposition of the case.

 Accordingly,

IT IS ORDERED that the Plaintiff's Motion for Reconsideration of the Court's January 31, 2006 Order Dismissing this Action without prejudice  **[Docket No. 57, filed March 3, 2006]** is DENIED.

 /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated: August 30, 2006

2

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2006, by electronic and/or ordinary mail.

                                        S/William F. Lewis
                                        Case Manager